1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

VISHVAJITSINH RANA,

CASE NO. C20-561 MJP

11

Plaintiff,

ORDER ADOPTING REPORT AND
RECOMMENDATION

12

v.

13

WILLIAM P. BARR, et al.,

14

Defendants.

15

16      THIS MATTER comes before the Court on Petitioner Vishvajitsinh Rana's Objections

17  (Dkt. No. 13) to the Report and Recommendation of the Honorable Michelle L. Peterson, United

18  States Magistrate Judge (Dkt. No. 12).  Having reviewed the Report and Recommendation, the

19  Objections, the Response to the Objections (Dkt. No. 14), and all related papers, the Court

20  ADOPTS the Report and Recommendation and DISMISSES this matter with prejudice.

21                                **Background**

22      On February 6, 2020 Petitioner, an Indian citizen, was taken into custody by United

23  States Customs and Border Protection near Custer, Washington.  (Id., ¶ 29.)  When questioned

24

1    by a Border Patrol Agent, Petitioner stated that he feared he would be persecuted or tortured if he

2    returned to India.  (Id.)  On February 18, 2020 a United States Citizenship and Immigration

3    Services (USCIS) Asylum Officer conducted a Credible Fear Interview of Petitioner, where

4    Petitioner testified that he was attacked several times by a former friend of his father, Yushuf

5    Khan, who blamed Petitioner's father for providing faulty materials that caused a building to

6    collapse.  (Id. ¶ 34.)  Petitioner also explained that Mr. Khan was a local leader of the Bharatiya

7    Janata Party (BJP), a political group in India and the attacks were motivated not only by the

8    building collapse but by Petitioner's refusal to join the BJP.  (Id. ¶¶ 33, 36.)   The Asylum

9    Officer conducting the Credible Fear Interview made a Negative Credible Fear Finding.  (Id.

10   ¶ 37.)  The Finding was reviewed and approved by a Supervisory Asylum Officer on February

11   19, 2020.  (Id.)

12        On February 26, 2020, an Immigration Judge conducted a Credible Fear Review Hearing

13   of the Department of Homeland Security's Negative Credible Fear Determination.  (Id. ¶ 40.)

14   Petitioner contends that he was not provided with a full copy of the Asylum Officer's report

15   ahead of the hearing.  (Id. ¶ 46.)  In particular, Petitioner did not have a copy of the "Credible

16   Fear Interview Questions & Answers."  (Id.)  The Immigration Judge denied Petitioner's request

17   for an extension of time to review the documents but allowed Petitioner's counsel to review the

18   documents during the regular hearing time and through the lunch break.  (Id. ¶¶ 49-51.)

19        Once the hearing began, the Immigration Judge affirmed the Negative Credible Fear

20   Determination, writing in his opinion that Petitioner had not "established a credible fear of

21   torture in a country to which you have been ordered removed because you have not established

22   that there is a significant possibility [t]hat you could not relocate to a part of the country of

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 2

1  removal where you are not likely to be tortured."  (Id. ¶ 68 (citing Ex. B at 3).)  The case was

2  returned to the Department of Homeland Security for Mr. Rana's removal.  (Id. ¶ 40.)

3  **Discussion**

4  On April 14, 2020 Petitioner, proceeding through counsel, initiated this 28 U.S.C. § 2241

5  habeas action to obtain a stay of removal and challenge his expedited removal order.  The Court

6  stayed Petitioner's removal pending adjudication of the merits of his claims.  (Dkt. No. 3.)

7  Although the Immigration and Nationality Act ("INA") precludes judicial review of Petitioner's

8  claims, see 8 U.S.C. § 1252(e)(2), the Court assumed jurisdiction over the action pursuant to

9  Thuraissigiam v. U.S. Department of Homeland Security, 917 F.3d 1097 (9th Cir. 2019), which

10  held that § 1252(e)(2) violates the Suspension Clause as applied to claims like Petitioner's.

11  However, while this matter was pending, the Supreme Court reversed the Ninth Circuit, holding

12  that § 1252(e)(2)'s prohibition on judicial review does not violate the Suspension or Due Process

13  Clauses and remanding for dismissal of the habeas petition.  Dep't of Homeland Sec. v.

14  Thuraissigiam, 140 S. Ct. 1959 (2020).  Specifically, the Court noted that "an alien who is

15  detained shortly after unlawful entry" like Petitioner here, has "only those rights that Congress

16  has provided by statute," including "the right to a 'determin[ation]' whether he had 'a significant

17  possibility' of 'establishing eligibility for asylum.'"  Id. at 1983 (quoting

18  §§ 1225(b)(1)(B)(ii), (v)).  Because the respondent "was given that right," the Court held that the

19  Due Process clause does "does not require review of that determination or how it was made."  Id.

20  The Report and Recommendation therefore recommended that the Court dismiss Petitioner's

21  claims because Thuraissigiam makes clear the Court lacks jurisdiction to review the Immigration

22  Judge's determination.  (Dkt. No. 12.)  The Court agrees.

23

24

1    Petitioner objects, arguing that Respondents were required to provide Petitioner with a

2   complete copy of the Asylum Office's Credible Fear materials and that the Immigration Judge

3   erroneously placed the burden on Petitioner to demonstrate that he could not safely relocate

4   within India.  (Dkt. No. 13.)  Petitioner contends that these errors mean Petitioner did not have a

5   hearing "that is cognizable under any form of our jurisprudence as having been anything

6   approaching the definition of a hearing, and thus, this Petition is distinguishable from []

7   Thuraissigiam."  (Dkt. No. 13 at 2.)  But an identical argument—that the respondent had a due

8   process right to "judicial review of his allegedly flawed credible-fear proceeding"—was rejected

9   by the Thuraissigiam Court.  140 S. Ct. at 1981.  And Petitioner provides no additional support

10   for his contention that Respondents' untimely production of the Credible Fear Interview

11   Questions & Answers or the Immigration Judge's allegedly erroneous burden-shifting mean

12   Petitioner did not have a hearing at all.  The Court therefore concludes that it lacks jurisdiction to

13   review Petitioner's claims.

**Conclusion**

15    In sum, the Court finds that it lacks jurisdiction to review Petitioner's claims under the

16   recent holding in Dep't of Homeland Sec. v. Thuraissigiam, 140 S. Ct. 1959 (2020).  The Court

17   therefore ADOPTS the Report and Recommendation of the Honorable Michelle L. Peterson,

18   United States Magistrate Judge and ORDERS:

19    (1)    The Government's motion to dismiss (Dkt. No. 5) is GRANTED.

20    (2)    The stay of removal (Dkt. No. 3) is VACATED.

21    (3)    Petitioner's habeas petition DISMISSED without prejudice.

22   //

23   //

24

1    The clerk is ordered to provide copies of this order to all counsel.

2    Dated November 13, 2020.

3

4    Marsha J. Pechman
     United States Senior District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ADOPTING REPORT AND RECOMMENDATION - 5